**John E. HILL, Plaintiff,**

v.

**Lt. WINKLEMAN, Ramsey Unit, Texas Department of Corrections, Defendant.**

**Civ. A. No. 73–G–184.**

United States District Court,
S. D. Texas,
Galveston Division.

June 20, 1974.

John E. Hill, plaintiff, pro se.

John L. Hill, Atty. Gen., of Tex. and Thomas W. Choate, Asst. Atty. Gen., Austin, Tex., for defendant.

## MEMORANDUM OPINION

NOEL, District Judge.

Upon receipt of Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b), this Court requested and received sworn affidavits from both Plaintiff and Defendant. Defendant's Motion will be treated as one for summary judgment under Rule 56. To grant summary judgment for the Defendant, the Court must find that there is no genuine issue as to any material fact and that the Defendant is entitled to a judgment as a matter of law.

Plaintiff's Complaint specifies that the relief he seeks is punitive damages.[1] It is clear that punitive damages may be recovered in actions brought to vindicate civil rights. Lee v. Southern Home Sites Corp., 429 F.2d 290 (5th Cir. 1970) stated several cardinal principles governing the allowance of punitive damages:

1) "[T]hey may be imposed if a defendant has acted wilfully and in gross disregard for the rights of the complaining party." Lee, supra, at 294.

2) "[S]uch damages are punitory and are assessed as an example and warning to others . . . ." Ibid.

3) "[T]hey are not a favorite in law and are to be allowed only with caution and within narrow limits . . . ." Ibid. Cf. Annotation, 14 Am.L.Rep.Fed. 608 (1973).

Under these principles punitive damages would be wholly inappropriate under any state of facts which the Plaintiff has offered to prove. One "narrow limit" on the imposition of punitive damages is that there must be some prospect that such damages will in fact stand "as an example and warning to others". There has been no allegation which, if proven, would support the opinion that punitive damages in this case would serve their deterrent purpose. Plaintiff nowhere indicates that the complained-of incident was anything more than an isolated occurrence.

An award of punitive damages was reversed in Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971) where a prison official's improper conduct reflected no pattern of behavior by himself or others. The wisdom of this approach derives from the fact that where there is "[no] constant pattern or practice of behavior", punitive damages can have little deterrent value. Urbano v. McCorckle, 334 F.Supp. 161, 170 (D.N.J.1971).

In a recent ruling on a civil rights action the Supreme Court observed that, "Isolated incidents of police misconduct under valid statutes would not, of course, be cause for the exercise of a federal court's equitable powers." Allee v. Medrano, —— U.S. ——, 94 S.Ct. 2191, 40 L.Ed.2d 566 (May 20, 1974). The Supreme Court intimated that even the more usual relief of an injunction is appropriate only if there is "a persistent pattern of . . . misconduct". Allee, supra.

Whether the Defendant "has acted wilfully and in gross disregard for the rights of the complaining party", Lee, supra, is a question not here decid-

---

1. Plaintiff's request for costs and fees has been mooted by the Court's grant of leave to proceed in forma pauperis. Plaintiff's inde- pendent request for an order to show cause and a temporary restraining order has already been denied.

ed. The issue is no longer material in light of the unavailability of the relief sought.

The Court confesses a reluctance to render judgment in this case while aided only by the pleadings and affidavits. Yet this reluctance is more than matched by a reluctance to require the parties to present further evidence when the only relief sought is simply not available.

There being no genuine issue as to any material fact and the Defendant being entitled to a judgment as a matter of law, the Defendant's Motion to Dismiss considered as a motion for summary judgment is hereby granted.